09-1027-cv
Cosentino v. State of New York Office of Mental Retardation and Developmental Disabilities

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1.  In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)."  A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/).  If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand nine.**

PRESENT:
> AMALYA L. KEARSE,
> JOSÉ  A. CABRANES,
> CHESTER J. STRAUB,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN COSENTINO, an incapacitated person, by and through his guardian, ANTHONY COSENTINO, and co-guardian, MARY ANN COSENTINO,

　　*Plaintiff-Appellant,*

　　-v.-                                                              No. 09-1027-cv

STATE OF NEW YORK OFFICE OF METAL RETARDATION AND DEVELOPMENTAL DISABILITIES, KATHLEEN BRODERICK, in her official capacity as Associate Commissioner of the NYS Office of Mental Retardation and Developmental Disabilities, THOMAS A. MAUL, in his official capacity as commissioner of the NYS Office of Mental Retardation and Developmental Disabilities, PETER USCHAKOW, personally and in his official capacity as Director of the Brooklyn Developmental Disabilities Service Office, SURESH ARYA, personally and as Deputy Director for Operations of the Brooklyn Developmental Disabilities Service Office, DR. S. DELBRUNE, JOHN DOE,

　　*Defendants-Appellees.*

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**         JACQUES CATAFAGO, (Jonathan Bauer, *of counsel*), The Catafago Law Firm, P.C., New York, NY.

**COUNSEL FOR APPELLEES:**        LAURA R. JOHNSON, Assistant Solicitor General, *for* Andrew M. Cuomo, Attorney General of the State of New York (Barbara D. Underwood, Solicitor General; Peter Karanjia, Special Counsel to the Solicitor General; *of counsel*) New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

     **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **VACATED** and the cause is **REMANDED** to the District Court.

     Plaintiff John Cosentino ("plaintiff" or "Cosentino"), through his legal guardians and parents, Anthony and Mary Ann Cosentino, appeals from an August 15, 2008 order of the District Court granting in part the motion for summary judgment of defendants Peter Uschakow, Suresh Ayra, and Serge Delbrune (collectively "defendants") with respect to plaintiff's only remaining claim for relief. Plaintiff also appeals from a February 19, 2009 judgment of the District Court granting defendants' motion for summary judgment with respect to the remaining portion of plaintiff's claim for relief. On appeal, plaintiff argues that the District Court erred when it determined that there were no material facts in dispute, thus allowing the Court to grant summary judgment. We assume the parties' familiarity with the facts and procedural history of this case.

     We review a district court's decision to grant summary judgment *de novo*, "drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

     Upon independent review of the record, we cannot agree with the conclusion of the District Court that there was no genuine issue of material fact remaining with respect to the plaintiff's tenth claim of relief—the only claim of relief that remained after the District Court's order of September 7, 2007 granting in part defendants' first motion for summary judgment. In its February 18, 2009 order addressing defendants' third motion for summary judgment, the District Court concluded that

"[p]laintiff has not shown that the alleged delay in extracting his tooth rises to the level of a constitutional violation." Because there was no underlying constitutional violation, the District Court reasoned, plaintiff's claims against remaining defendants for supervisory liability under § 1983 cannot survive. Finally, the District Court reasoned that even if there were an underlying constitutional violation, there was "no genuine issue of material fact . . . as to whether Defendants were personally involved in that deprivation." SPA 13.

This assessment, however, misconstrues the tenth claim for relief. In the amended complaint, the tenth claim of relief alleges that the "willful disregard" for plaintiff's dental condition led to an exacerbation of his psychiatric conditions, which subsequently led, among other things, to the "needless [use of] chemical and physical restraints." A 50. Denying the dental care was not the alleged constitutional violation; rather, the alleged violation was the frequent use of chemical and physical restraints that became necessary only because defendants failed to give plaintiff adequate dental care.

Moreover, the District Court erred in concluding that there was no genuine issue of material fact with respect to defendants' possible liability. Specifically, the District Court concluded that "[b]ecause no reasonable jury could find that Dr. Delbrune[, the psychiatrist,] was not entitled to rely on the dentist's judgment, Dr. Delbrune's psychiatric treatment neither amounts to an underlying violation, nor supports a finding of supervisory liability." SPA 14-15. A sworn declaration by a board-certified psychiatrist submitted with plaintiff's memorandum opposing defendants' third motion for summary judgment, however, states that "[t]he failure by Dr. Delbrune to read the progress notes and investigate the dental diagnosis was a substantial departure from minimum professional standards." A 364. More specifically, the declaration notes that Dr. Delbrune diagnosed plaintiff with "Intermittent Explosive Disorder." *Id.* The declaration states that "[a]n aspect of this diagnosis is ruling out as a causal factor a general medical condition." *Id.* The declaration continues, "as a matter of good and accepted medical practice, the failure to act on the June 23 notation of the dental condition was a substantial departure from minimum professional standards." *Id.* Because "the question of what the generally accepted [medical] standards [are] is a question of fact," *Rodriguez v. City of N.Y.*, 72 F.3d 1051, 1063 (2d Cir. 1995), and there is a dispute as to what the minimum professional standard is and whether Dr. Delbrune's behavior departed from that standard, summary judgment is inappropriate in this circumstance.

If Dr. Delbrune's treatment did constitute a constitutional violation, then Dr. Delbrune's supervisors—the other remaining defendants—may be liable under § 1983 for insufficient supervision. Because the District Court erred in concluding that, as a matter of law, Dr. Delbrune's treatment was not a constitutional violation, the District Court also erred in concluding that Dr. Delbrune's supervisors were not liable for that alleged constitutional violation.

3

Finally, if defendants did violate plaintiff's constitutional rights, these violations occurred intermittently from November 2002 to December 2003. We therefore conclude that the District Court erred in granting in part defendants' second motion for summary judgment and limiting plaintiff's claim for relief to any wrongdoing that occurred from June 23, 2003 to September 11, 2003.

We intimate no views on whether Dr. Delbrune did deviate from minimum professional standards or, if he did deviate from minimum standards, whether that deviation rose to the level of a constitutional violation. Furthermore, we intimate no views on whether, if Dr. Delbrune's deviation rose to the level of a constitutional violation, that deviation violated a constitutional right that was sufficiently established to survive defendants' claims of qualified immunity. We only conclude that there was a genuine issue of material fact as to what the minimum professional standards of psychiatric care are and whether Dr. Delbrune deviated from those standards—and accordingly, we conclude that the District Court erred in granting defendants' motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, the August 2008 order and February 2009 judgment of the District Court are **VACATED**, and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

We leave to the informed discretion of the District Court whether to allow further supervised discovery and additional briefing.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

By _____

4